# United States Court of Appeals
## For the First Circuit

_____

No. 15-1170

IN RE:  DZHOKHAR TSARNAEV

Petitioner
_____

Before

Lynch, Chief Judge,
Torruella and Howard,
Circuit Judges.

_____

**ORDER OF COURT**

Entered: February 12, 2015

On December 31, 2014, petitioner filed an application for a writ of mandamus seeking an order requiring the proceeding against him to be transferred to another district and a motion requesting a stay of jury selection and trial pending disposition of the application.  On January 3, 2015, this court denied petitioner's application for mandamus and his request to stay jury selection and trial.

On February 3, 2015, petitioner filed a Second Petition for Writ of Mandamus seeking essentially the same relief as in his first petition; that is, he requests an order from this court directing the district court to grant a change of venue.  The government filed a response opposing the Second Petition on February 6.  For its part, the district court has three times denied petitioner's motions to change venue and has also denied petitioner's request to stay jury selection.

In addition to the Second Petition, three motions are pending before this court.  First, petitioner seeks a stay of jury selection in the district court, which the government has opposed.  Petitioner's motion to stay is denied as without merit by two judges of this court.  Through their written submissions, the parties have had more than adequate opportunity to be heard on this issue.  Nothing in this denial of stay is contrary to circuit precedent or due process.

Second, the government seeks an order sealing its supplemental appendix because it contains materials filed in the district court under seal.  And, third, the government requests leave to file its opposition to the Second Petition under seal, again because its opposition refers to material that was ordered sealed by the district court.  No objection to the government's motions having been filed and it appearing that most of the material proposed to be sealed has been sealed

in the district court and so would properly be sealed in this court, the sealing motions are granted. See 1st Cir. L. R. 11.0(c)(1).

Our concurring and dissenting colleague has requested oral argument and argument may be granted at the request of a single judge. Accordingly, we will hear argument on the Second Petition on February 19, 2015, at 10:00 a.m. Each side shall have twenty minutes for argument. Supplemental briefs limited to the issues raised by the parties as to the Second Petition are permitted; briefs shall be a maximum of twenty-five pages in length, and must be electronically filed by noon on February 17, 2015. No extensions shall be granted.

The court intends for the oral argument to be open to the public. The parties are ordered to refrain from disclosing or discussing at the hearing any of the sealed materials in this case. These materials have been sealed in part to protect the integrity of the selection process. Indeed, each side has asked us to seal materials and those materials are before the court. The court has had full access to the sealed materials mentioned by our colleague.

**TORRUELLA**, **Circuit Judge,** **(Concurring in part and dissenting in part).** I disagree with at least two aspects of today's order. First, considering that this matter has been set for a hearing, it would appear to be contrary to First Circuit practice and the principles of due process to deny a stay before the parties have had the opportunity to be heard at that proceeding. Thus, the stay of jury selection should not have been denied at this time. Second, while I agree with the order as to the time, place, and length of the hearing, as well as the briefing schedule, I disagree with the restrictions placed upon it by virtue of the sealing order. It will be quite an interesting hearing since the parties will be forbidden from discussing the details of facts directly at the heart of the issue presented: whether the answers given during the jury selection process have demonstrated that the jury pool is so tainted and prejudiced that it is impossible for the Defendant to receive a fair trial.

By the Court:

/s/ Margaret Carter, Clerk

cc:     Honorable George A. O'Toole
        Robert Farrell, Clerk of Court
        Miriam Conrad
        David Bruck
        Judith Mizner
        Timothy Watkins
        William Fick
        Judy Clarke
        William Weinreb
        Dina Chaitowitz
        Aloke Shankar Chakravarty
        Donald Cabell
        Nadine Pelligrini
        Steven Mellin
        Matthew Segal