UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

_____

No. 15-1170

_____

In re
DZHOKHAR TSARNAEV,
Petitioner

_____

**MOTION FOR REHEARING EN BANC OF MOTION FOR STAY OF
JURY SELECTION AND FOR INITIAL HEARING EN BANC
OF SECOND PETITION FOR WRIT OF MANDAMUS**

Pursuant to Rule 35 of the Federal Rules of Appellate Procedure and of this

Court, Dzhokhar Tsarnaev, petitioner in this mandamus action, requests that his

Motion for Stay of Jury Selection be reheard en banc and that his Second Petition

for Mandamus be heard initially en banc.

The Second Petition and accompanying Motion for Stay raise questions of

exceptional importance, as set forth below.   Hearing by all members of this Court

will best assure public confidence in the fairness of the proceedings.

In support of this motion, petitioner states the following:

1.      Petitioner faces the death penalty in a prosecution charging him with

offenses arising from the bombings at the Boston Marathon in 2013 and their

aftermath.  He seeks an order directing the district court to grant a change of venue

for the trial of this case.

1

2.     This Second Petition follows a prior petition in this Court and incorporates the documents and arguments underlying the prior petition.   The Marathon bombings in 2013and their aftermath have had widespread and intense impact on potential jurors in the Eastern Division of the District of Massachusetts. The pre-trial publicity also has been extensive, unrelenting, and prejudicial.  The totality of these circumstances gives rise to a presumption of prejudice, a presumption confirmed by responses in the questionnaires completed by actual prospective jurors.  This presumption requires a change of venue; Mr. Tsarnaev cannot obtain a fair trial by an impartial jury in the District of Massachusetts.

3.     Petitioner also requested that this Court stay ongoing jury selection in the district court pending resolution of his Second Petition.  That motion was denied by the panel in its order of February 12, 2015.  Jury selection continues in the district court and conceivably could be completed before the scheduled oral argument in this Court on February 19, 2015.

4.     Rule 35(a) of the Federal Rules of Appellate Procedure provides that a majority of the circuit judges in regular active service "may order that an appeal or other proceeding be heard or reheard by the court of appeals en banc."   Petitioner is requesting rehearing en banc of his Motion to Stay Jury Selection in the district court.  That motion was predicated on the issues of exceptional importance raised in his Second Petition.  A stay pending resolution of the Second Petition would

promote public confidence in the fairness of the trial proceedings, a confidence that observers, as detailed below, have increasingly called into question. A stay would assure the public that this Court is giving careful consideration to the question of whether a fair and impartial jury for this case can be empaneled in the District of Massachusetts.

5.    Petitioner also requests initial hearing en banc of the Second Petition. Fed. R. App. P. 35(c) provides that "[a] petition that an appeal be heard initially en banc must be filed by the date when the appellee's brief is due." If this provision applies to a mandamus proceeding, petitioner recognizes that a request for initial en banc consideration should have been when respondent's opposition was filed on February 6, 2015. Whether or not that timing provision applies, petitioner nevertheless urges consideration of his request. This Court's Order of February 12, 2015, scheduled oral argument and permitted supplemental briefing, but denied petitioner's Motion for a Stay of Jury Selection in the district court. Given the denial of a stay of the district court proceedings and the interrelation of the issues raised in the Second Petition and the Motion for Stay, petitioner now seeks consideration of a request for initial hearing en banc of his Second Petition together with rehearing en banc of the Motion for Stay.

6.    This case presents questions of exceptional importance that warrant en banc review:

A.      In *Skilling v. United States*, 561 U.S. 358 (2010), the Supreme Court addressed, *inter alia*, whether the media coverage generated by the collapse of Enron Corporation created a presumption of juror prejudice requiring a change of venue from Houston, Texas where Enron had been headquartered.  *See id.* at 375-376.  Finding no presumption under the totality of the facts and circumstances of that case, the Court recognized, but did not address, the question of whether a presumption of juror prejudice could be rebutted.  *See id.* at 385 & n.18.  This case squarely presents that unreached and important question.   The totality of the facts and circumstances here, including both widespread victimization of those in the jury pool and extensive and intensive prejudicial pretrial publicity, does give rise to a presumption of prejudice.  This, in turn, requires a determination of whether that presumption, once established, requires a change of venue, or whether it is rebuttable, and if so, by what means.

B.      In deciding *In re Bulger*, 710 F.3d 42, 49 (1st Cir. 2013), this Court stated that damage to the judicial system from the denial of a motion for recusal of the trial judge established the irreparable harm required for mandamus relief. Whether that same standard, evaluating the damage to public confidence in the fairness and impartiality of judicial proceedings, applies to the denial of a motion for change of venue is a question of exceptional importance presented by the facts of this case, where doubts about the fairness and justice of trying this case in

Boston have increased.  *See* Second Petition for Mandamus at 39-42 (collecting

selected citations as of  February 3, 2015 ); *see also, e.g.,* Thomas Farragher,

*Tsarnaev Trial Should Be Moved to Another Venue*, THE BOSTON GLOBE (Feb. 7,

2015), *available at* < http://www.bostonglobe.com/metro/2015/02/06/tsarnaev-

trial-should-moved-another-venue/5HovPmXy1dTyv1XhV5VzSI/story.html>;

Emily Rooney, *The Case For Moving The Trial Of Boston Marathon Bombing*

*Suspect Dzhokhar Tsarnaev*, WGBH (Feb. 6, 2015), *available at*

<http://wgbhnews.org/post/case-moving-trial-boston-marathon-bombing-suspect-

dzhokhar-tsarnaev>.

     C.    The array of personal connections and allegiances to the events and

people in this case is rivaled only by *United States v. McVeigh*, 914 F.Supp  1467

(W.D. Okla. 1996), a case where a change in venue was granted.  Whether a

change of venue is required here is a question of exceptional importance with

ramifications for other offenses that have broad and intense local impact.

     Briefing of these issues, contained in both the Second Petition in this case

and the prior petition in case number 14-2362, is incorporated herein by reference.

     For the foregoing reasons, petitioner requests rehearing en banc of his

Motion for Stay and initial hearing en banc of his Second Petition for Mandamus.

               Respectfully submitted,

               DZHOKHAR TSARNAEV
               by his attorneys,

/s/ Judith Mizner
Judith Mizner (1st Cir. No. 11056 )
William W. Fick (1st Cir. No. 82686)
FEDERAL PUBLIC DEFENDER OFFICE
51 Sleeper Street, 5th Floor
Boston, MA 02210
(617) 223-8061
JUDITH_MIZNER@FD.ORG
WILLIAM_FICK@FD.ORG

## CERTIFICATE OF SERVICE

I, William Fick, hereby certify that this document filed through the ECF system will be sent to the registered participants, including counsel of record William Weinreb, Aloke Chakravarty, Nadine Pellegrini, Steve Mellin, and Dina Chaitowitz, as identified on the Notice of Electronic Filing on February 13, 2015.


/s/ Judith Mizner